20-3546
Nehma v. Garland

BIA
Connelly, IJ
A212 171 605

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of April, two thousand twenty-three.

PRESENT:
> JOHN M. WALKER, JR.,
> ROBERT D. SACK,
> MICHAEL H. PARK,
> *Circuit Judges.*

_____

WALID KATHEM NEHMA,
> *Petitioner*,

v.                                                                    **20-3546**
                                                                      **NAC**

MERRICK B. GARLAND,
UNITED STATES ATTORNEY
GENERAL,
> *Respondent.*

_____

**FOR PETITIONER:** Russell Reid Abrutyn, Abrutyn Law PLLC, Berkley, MI.

**FOR RESPONDENT:** Brian M. Boynton, Acting Assistant Attorney General; Julie M. Iversen, Senior Litigation Counsel; James A. Hurley, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED**, **ADJUDGED**, **AND DECREED** that the petition for review is **DENIED**.

Petitioner Walid Kathem Nehma, a native and citizen of Iraq, seeks review of a September 24, 2020 decision of the BIA affirming a November 7, 2018 decision of an Immigration Judge ("IJ") denying his motion to reopen removal proceedings. *See In re Walid Kathem Nehma*, No. A 212 171 605 (B.I.A. Sept. 24, 2020), *aff'g* No. A 212 171 605 (Immigr. Ct. Batavia Nov. 7, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). An alien may file a motion to reopen no later than 90 days after the final administrative decision. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2).

**I.      Particularly-Serious-Crime Determination**

The agency correctly denied reopening based on Nehma's ineligibility for withholding of removal.[1]   An applicant is barred from withholding of removal under the Immigration and Nationality Act and the Convention Against Torture ("CAT") if "the alien, having been convicted by a final judgment of a particularly serious crime is a danger to the community of the United States."   8 U.S.C. § 1231(b)(3)(B)(ii); *see* 8 C.F.R. § 1208.16(d)(2) (CAT withholding); *Ruiz-Martinez v. Mukasey*, 516 F.3d 102, 108 n.3 (2d Cir. 2008).   An aggravated felony for which an alien is sentenced to a term of imprisonment of five years or more is per se particularly serious.   *See* 8 U.S.C. § 1231(b)(3)(B).   Nehma does not dispute that his conviction under New York Penal Law §§ 110, 130.35(1) for attempted rape is an aggravated felony or that he was sentenced to five years' imprisonment. Instead, he contends that the BIA had to consider separately whether he was a danger to the community.   This is incorrect and foreclosed by precedent.

Under BIA precedent, "once an alien is found to have committed a particularly serious crime, [the agency] no longer engage[s] in a separate

---

[1] Nehma does not challenge the agency's denial of reopening with respect to asylum.

determination to address whether the alien is a danger to the community." *In re N-A-M*, 24 I. & N. Dec. 336, 342 (B.I.A. 2007). We have previously afforded *Chevron* deference to the BIA's interpretation that there is no separate danger-to-the-community analysis required when determining whether a crime is particularly serious. *See Ahmetovic v. INS*, 62 F.3d 48, 52-53 (2d Cir. 1995). "In our Circuit, panels are bound by the decisions of prior panels until such time as they are overruled either by an en banc panel of our Court or by the Supreme Court. However, a panel may overrule a prior decision if there has been an intervening Supreme Court decision that casts doubt on our controlling precedent." *Matthews v. Barr*, 927 F.3d 606, 614 (2d Cir. 2019) (cleaned up).

Nehma argues that we should reconsider our precedents for two reasons. First, he argues that *Ahmetovic* runs afoul of the Supreme Court's decision in *Kisor v. Wilke*, 139 S. Ct. 2400 (2019). We disagree. *Kisor* concerned the application of *Auer* deference to an agency's reading of an ambiguous regulation and held that for deference to apply, a regulation must be "genuinely ambiguous, even after a court has resorted to all the standard tools of interpretation." *Id*. at 2414. Unlike *Kisor*, *Ahmetovic* reviewed the BIA's interpretation of a statute, not a regulation. *See Ahmetrovic*, 62 F.3d at 52. In any event, *Ahmetovic* did not simply defer to the

4

BIA without addressing ambiguity; rather, we discussed the text of the statute and examined persuasive authority before granting *Chevron* deference. *See id.* at 52-53.

Second, Nehma contends that when *Ahmetovic* was decided, the agency reviewed the type and circumstances of the offense, but now the BIA limits its review to the nature of the crime and eliminates consideration of whether the circumstances created a likelihood of future misconduct. Nehma points to the BIA's decision in *In re N-A-M-*, 24 I. & N. Dec. 336 (B.I.A. 2007), as evidence of the new framework. But this argument fails because this Court already has deferred to the BIA's interpretation in *N-A-M-*. *See Nethagani v. Mukasey*, 532 F.3d 150, 156–57 (2d Cir. 2008).

**II.   CAT Deferral**

The agency correctly denied Nehma's motion to reopen with respect to CAT relief. *See* 8 C.F.R. § 1208.17(a). Nehma argues that (1) his evidence of changes in Iraq satisfied the changed-conditions exception to the 90-deadline for motions to reopen, and (2) he established a prima facie case of eligibility for CAT relief. Because the BIA's decision discussed some but not all the IJ's findings and did not

reject any portion of the IJ's decision, we review both decisions. *See Ming Xia Chen v. BIA*, 435 F.3d 141, 144 (2d Cir. 2006).

### A. Changed Country Conditions

Substantial evidence supports the agency's determination that Nehma did not demonstrate changed conditions in Iraq for Christians or for deportees from the United States since his 2014 removal proceedings. The time for filing a motion to reopen may be excused if the motion "is based on changed country conditions arising in the country of nationality . . . if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see* 8 C.F.R. § 1003.23(b)(4)(i). We review the agency's determination of country conditions for substantial evidence. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

Nehma fails to present evidence of any materially changed country conditions. "When reviewing whether . . . evidence established changed country conditions, the BIA must compare the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below." *Tanusantoso v. Barr*, 962 F.3d 694, 698 (2d Cir. 2020) (cleaned up). The change must be more than "incremental or incidental." *In re S-Y-G-*, 24 I. & N. Dec. 247, 257

6

(B.I.A. 2007). Nehma cites State Department reports and expert reports to establish that Christians and deportees from the United States are being tortured in Iraq. These sources, however, reflect ongoing conditions for Christians and deportees, not changed conditions arising after Nehma's 2014 hearing. His evidence reflects that Christians and Iraqis perceived as affiliated with the United States have been under attack since 2003, before Nehma's original proceedings. Some of the evidence, which addresses a threat to Christians in Iraq under ISIS control between 2014 and 2016, is now obsolete as later reports reflect that ISIS lost much of its control in Iraq by 2017.[2] Substantial evidence thus supports the agency's conclusion that Nehma failed to establish a change in conditions material to his fear of torture as a Christian and his status as a westernized deportee.

**B.     Prima Facie Eligibility**

Even if Nehma could establish an exception to the filing deadline, Nehma had the "burden . . . to establish *prima facie* eligibility for [the relief sought], i.e., a realistic chance that [h]e will be able to establish eligibility" for CAT relief. *Jian*

---

[2] Nehma's alleged conversion to Christianity is not by itself a material change in circumstances. *Wei Guang Wang v. BIA*, 437 F.3d 270, 274 (2d Cir. 2006) (holding that a petitioner cannot "seek[] to reopen . . . due to circumstances entirely of his own making after being ordered to leave the United States").

*Hui Shao*, 546 F.3d at 154–55 (cleaned up). An applicant for CAT relief bears the burden of "establish[ing] that it is more likely than not that he . . . would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2). A petitioner must provide "affidavits" or "other evidentiary material" that support his application for relief from removal. 8 C.F.R. § 1003.23(b)(3). Where, as here, "a petitioner bears the burden of proof, his failure to adduce evidence can itself constitute the 'substantial evidence' necessary to support the agency's challenged decision." *Jian Hui Shao*, 546 F.3d at 157–58.

Nehma presents no such evidence here. Nehma declared that he converted to Christianity in prison in 2015 and the Mahdi Army would kill him if he returned to Iraq as a deported Christian. But Nehma did not support his motion to reopen with evidence of his conversion to and practice of Christianity. *See Y.C. v. Holder*, 741 F.3d 324, 338 (2d Cir. 2013) (discussing credibility and the ease of manufacturing asylum claims based on activities in the United States). Nor did Nehma provide evidence that he would be readily identifiable in Iraq as westernized given that he was born and raised in Iraq. Substantial evidence thus supports the agency's finding that Nehma presented insufficient evidence to demonstrate a likelihood that he would be tortured due to his Christian faith or

8

his status as a deportee from the United States. *See id.* at 332 (holding that this Court "generally defer[s] to the agency's evaluation of the weight to be afforded an applicant's documentary evidence"); *Jian Hui Shao*, 546 F.3d at 157–58.

For the foregoing reasons, the petition for review is **DENIED**. All pending motions and applications are **DENIED** and stays **VACATED**.

<div style="margin-left:50%">

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

</div>